**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DOW JONES & COMPANY, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 1:22-cv-00564 |
| **THOMAS BRITTON HARRIS IV,** | § § § | |
| Defendant. | § § | |

**COMPLAINT**

Dow Jones & Company, Inc. ("Dow Jones") brings these causes of action against Defendant Thomas Britton Harris IV ("Defendant") and requests relief from this Court based on the following:

**I.
NATURE OF THE ACTION**

1. This is an action for damages arising from Defendant's systematic, verbatim, and intentional copying and distribution of thousands of Dow Jones's original works in violation of the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. §§ 501, *et seq*., and his removal or alteration of protected copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201, *et seq.*

2. Dow Jones is a global provider of news and business information. Among its publications are *The Wall Street Journal* ("*WSJ*"), which is the world's leading source of business news, and *Barron's*, which provides investors with deep and insightful coverage of financial markets. *WSJ* and *Barron's* publish in both print and digital formats.

3. *WSJ* and *Barron's* feature original news articles, which consist of text, images, charts, timelines, and other copyrighted materials created and owned by Dow Jones (collectively,

1

"Dow Jones Copyrighted Works"). Dow Jones regularly registers its Copyrighted Works with the U.S. Copyright Office. True copies of Certificates of Registration are attached as Exhibit A.

4. Dow Jones distributes Dow Jones Copyrighted Works through newspapers, newsletters, newswires, websites, mobile applications, databases, videos, and podcasts.

5. The world-class journalism provided by Dow Jones is supported by licensing fees and paid print and digital subscriptions. Dow Jones maintains a worldwide network of news bureaus and highly skilled professional journalists to provide its clients and subscribers with access to high-quality news reporting together with incisive commentary. Without control over the distribution of its content, Dow Jones would be unable to maintain this network, which requires substantial time and money.

6. Defendant is a well-known investment manager, and during the course of his over thirty-year career he has been responsible for the management of hundreds of billions of dollars on behalf of Verizon Investment Management Corp., the hedge fund Bridgewater Associates, and the Teacher Retirement System of Texas ("TRS"). Defendant is currently the president and chief executive officer of the University of Texas/Texas A&M University Investment Management Company ("UTIMCO"). He is also an executive professor at the University of Texas and Texas A&M University.

7. From October 2010 through July 2020, Defendant willfully reproduced at least 6,186 Dow Jones Copyrighted Works, in full, from the internet without permission or a license from Dow Jones and distributed those illegal copies daily in a curated newsletter called "Reading with Britt" ("RWB Newsletters") to at least 822 business professionals, former students, and

selected others.[1] Non-exhaustive examples of RWB Newsletters are attached as Exhibit B.[2] Charts identifying the 6,186 Dow Jones copyrighted works that Defendant used without permission are attached as Exhibit C (sorted chronologically). Subscribers to RWB Newsletters were invited to "stay up-to-date on the latest, financial, world, and other noteworthy news by subscribing to a mostly-daily reading list personally selected by Britt."

8. In RWB Newsletters, Defendant intentionally removed or altered copyright management information, including, but not limited to, copyright notices, licensing notices, reproduction warnings, publication names, article headings, article headlines, bylines, datelines, photos, captions of photos, and other identifying information, from Dow Jones Copyrighted Works.

9. Defendant exploited Dow Jones Copyrighted Works without permission or a license from Dow Jones and without authority under clearly established law.

10. Defendant did not add any new expression to Dow Jones Copyrighted Works. Rather, Defendant took the entirety of those articles, and harmed the potential market for and value of the articles.

11. Dow Jones seeks actual damages and Defendant's profits, statutory damages, and attorney's fees as compensation for the injuries suffered from Defendant's willful pattern of unlawful conduct.

---

[1] While Dow Jones believes that Defendant's unlicensed reproduction and distribution of Dow Jones Copyrighted Works to students enrolled in his university classes was not authorized as a fair use under 17 U.S.C. § 107, Dow Jones does not seek to include those activities within the ambit of its claims in this action.

[2] Articles that are not Dow Jones Copyrighted Works included in RWB Newsletters have been redacted.

## II.
## THE PARTIES

12. Dow Jones is a Delaware corporation with its principal place of business in New York, New York.

13. On information and belief, Defendant is an individual who resides and works in Austin, Texas.

## III.
## JURISDICTION AND VENUE

14. This is a suit for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and for removal or alteration of copyright management information under the DMCA, 17 U.S.C. §§ 1201, *et seq.* Thus, this Court has subject-matter jurisdiction over Dow Jones's claims under 28 U.S.C. §§ 1331 (establishing federal subject-matter jurisdiction for all claims arising under federal laws, such as the Copyright Act) and 1338(a) (establishing original jurisdiction for all claims relating to copyrights, patents, and trademarks).

15. This Court has personal jurisdiction over Defendant. Defendant resides and works in Texas, does significant business in Texas, committed his infringing activities in Texas, and purposefully targeted Texas by improperly distributing infringing works to Texas residents.

16. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (2) and 1400(a) because Defendant resides and works in this District and a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District.

## IV.
## LIST OF EXHIBITS

Exhibit A        Certificates of Registration from the U.S. Copyright Office

Exhibit B        Examples of RWB Newsletters

Exhibit C        Charts of Infringed Dow Jones Copyrighted Works

| | |
|---|---|
| Exhibit D | Dow Jones Reprints and Licensing Policies |
| Exhibit E | Dow Jones Terms of Use |

## V.
## FACTS

**A.  Dow Jones, a leader in global and business news, relies on licensing fees and paid subscriptions to support its journalism.**

17. Dow Jones realleges paragraphs 1 through 16 above.

18. Since 1889, *WSJ*, the recipient of 38 Pulitzer Prizes for outstanding journalism, has covered U.S., business, and world news and provided analysis, commentary, and opinions on a wide range of public issues. Per Dow Jones's most recent audited subscriber report, as of March 2022 *WSJ* had approximately 682,000 print subscribers and 3,036,000 digital subscribers.

19. *Barron's*, the world's premier investing publication, delivers news, analysis, investigative reporting, company profiles, and insightful statistics to investors and others interested in the investment world. Per the audited subscriber report, as of March 2022 *Barron's* has around 198,000 print subscribers and 810,000 digital subscribers.

20. Dow Jones targets sophisticated consumers around the world who seek professional and exclusive reporting about global events and business and financial news.

21. Dow Jones's global journalistic operation is funded by, among other things, licensing fees and paid subscriptions. Revenues from licensing fees and subscriptions help cover the costs of maintaining Dow Jones's talented staff, extensive and widespread newsgathering process, and large distribution infrastructure.

22. Dow Jones requires subscribers and non-subscribers to obtain licenses to distribute Dow Jones Copyrighted Works. Dow Jones follows the typical industry standard of charging a fee to reproduce copyrighted works.

23. Licensing information, terms, and prices are available publicly at https://www.djreprints.com/. *See* Dow Jones Reprints & Licensing Policies, attached as Exhibit D.

24. Dow Jones continuously notifies the public of the licensing requirements by including an explicit warning at the top of its digital content when such content is printed from its websites: "This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers visit http://djreprints.com." *See* Exhibit D.

25. Paid digital subscribers have complete access to Dow Jones Copyrighted Works on WSJ.com and Barrons.com but do not have the right to republish those articles. Subject to limited exceptions, non-subscribers are generally prohibited from accessing full-text content on WSJ.com and Barrons.com.

26. Digital subscribers are required to agree to the Subscriber Agreement and Terms of Use ("Dow Jones Terms of Use"). The Dow Jones Terms of Use that were in effect from November 25, 2015 to June 27, 2018 are attached as Exhibit E.

27. On information and belief, Defendant subscribed to WSJ.com and Barrons.com and agreed to the Dow Jones Terms of Use.

28. On information and belief, on or around December 14, 2017, Defendant, using his personal email address, subscribed to WSJ.com and Barrons.com and agreed to the Dow Jones Terms of Use.

29. Under this binding contract, digital subscribers, such as Defendant, agree to various limits of their use of Dow Jones Copyrighted Works.

6

30. Defendant agreed that he does not have the right to "use, sell, publish, distribute, retransmit or otherwise provide access to" Dow Jones Copyrighted Works to anyone, including "employees." *See* Exhibit E § 8.2.

31. Defendant agreed that he does not have the right to distribute Dow Jones Copyrighted Works to more than "a few individuals" or "on a regular basis" unless he pays the licensing fees required by the Dow Jones Reprints & Licensing Policies. *See* Exhibit D; Exhibit E § 8.2.1.

32. Defendant agreed that his limited rights do not permit use of WSJ.com or Barrons.com "for the purpose of regularly providing other users with access to" Dow Jones Copyrighted Works. *See* Exhibit E § 8.2.2.

33. Defendant agreed that his limited rights only permit him to download and store Dow Jones Copyrighted Works for "personal use;" he must not "otherwise provide others with access to" Dow Jones Copyrighted Works. *See* Exhibit E § 8.2.3.

34. Dow Jones registered its Copyrighted Works with the U.S. Copyright Office before or within three months of Defendant's infringement. *See* Exhibit A.

**B.**   **Defendant repeatedly copied and pasted Dow Jones Copyrighted Works into newsletters and distributed them daily to hundreds of recipients without permission or a license from Dow Jones.**

35. Each RWB Newsletter featured anywhere from four to twenty articles compiled from a variety of publications, which frequently included *WSJ* and *Barron's*.

36. For each Dow Jones Copyrighted Work that appeared in a RWB Newsletter, Defendant either copied the entire Dow Jones Copyrighted Work verbatim from WSJ.com and Barrons.com and pasted the full text into a new document, or created a PDF copy of the entire Dow Jones Copyrighted Work and compiled the PDF into a new document. Under either method, Defendant made hundreds of illegal copies of each Dow Jones Copyrighted Work.

7

37. The vast majority of RWB Newsletters from October 2010 until July 2020 contained at least one Dow Jones Copyrighted Work. Most RWB Newsletters contained many Dow Jones Copyright Works. RWB Newsletters contained as many as seventeen Dow Jones Copyrighted Works. *See* Exhibit B-1, January 5, 2018 RWB Newsletter, which shows an entire RWB Newsletter.

38. Defendant created an index at the beginning of RWB Newsletters that lists all articles illegally reproduced in that edition. For each copied article, Defendant included the name of the publication in the left column along with the headline and an internal hyperlink to the illegally copied article in the right column. *See* Exhibit B and a screenshot example of a RWB index below.

**Index of September 21, 2017 RWB Newsletter**

| Barron's | A Tech Guru and His Blank-Check Promises |
| | MLPs Stage a Surprise Post-Harvey Comeback |
| | Swatting the Activists |
| Bloomberg | NYC Landlords That Can't Find Buyers Turn to Borrowing Instead |
| Federal Reserve Bank of St. Louis | Some Alternative Methods for Tracking Chinese GDP |
| Pensions & Investments | Investors seeing big promises from secondary market |
| WSJ | An Undervalued New Player in the Energy Industry |
| | Blackstone Prepares for IPO or Sale of Vivint |
| | U.N. Security Council Adopts New Sanctions Against North Korea |
| | Private Equity Bubble? What Private Equity Bubble? |
| | China to Shut Bitcoin Exchanges |

39. Defendant thoughtfully and systematically curated RWB Newsletters with infringing works concerning a different subject-matter each day.

> Monday: Review of the Previous Week
> Tuesday: Focus on America
> Wednesday: Focus on Japan and Europe
> Thursday: Emerging Markets and Alternative Investments
> Friday: Life and General Interest

40. Defendant distributed RWB Newsletters to several hundred recipients through Mailchimp, an email distribution software service, and other electronic means.

**C.   Defendant infringed copyright law by lifting exact copies of Dow Jones Copyrighted Works and removing or altering copyright management information.**

41. Between October 2010 and July 2020, Defendant willfully reproduced 6,186 Dow Jones Copyrighted Works, in full, from the internet without permission or a license from Dow Jones and distributed those illegal copies in daily RWB Newsletters to at least 822 business professionals, former students, and selected others. *See* Exhibit C.

42. Dow Jones obtained copyright registrations for at least 5,371 out of the 6,186 Dow Jones Copyrighted Works before or within three months of Defendant's infringement. *See* Exhibits A and C.

43. While creating RWB Newsletters, Defendant copied the exact text, headlines, photos, graphics, and captions from Dow Jones publications into RWB Newsletters without permission or a license. *See* Exhibit B and a screenshot example of an infringed work below.

| April 26, 2018 RWB Newsletter | WSJ.com |
|---|---|
|  |  |

44.     Despite the explicit warning at the top of Dow Jones Copyrighted Works—that articles should only be used for "personal" use and a license must be obtained to make "copies for distribution" to "colleagues, clients or customers"—Defendant distributed Dow Jones Copyrighted Works to hundreds of colleagues, business associates, and selected others without a license. The below screenshot of the April 26, 2018 RWB Newsletter shows the warning Defendant willfully violated each time he illegally reproduced Dow Jones Copyrighted Works.

**April 26, 2018 RWB Newsletter**



45. While creating RWB Newsletters, Defendant intentionally removed or altered the following copyright management information conveyed in connection with Dow Jones Copyrighted Works: names of Dow Jones publications, author bylines, article headlines, copyright notices, reproduction warnings, and other identifying information ("Dow Jones CMI"). *See* 17 U.S.C. §§ 1202(b)(1), (c).

46. At all times, Dow Jones Copyrighted Works contained conspicuous copyright notices, for example: "Copyright © 2021 Dow Jones & Company, Inc. All Rights Reserved."

47. In many RWB Newsletters, including, by way of example, the January 15, 2019, March 5, 2019, and February 6, 2020 RWB Newsletters, Defendant intentionally removed or altered copyright notices from Dow Jones Copyrighted Works.

48. In the January 15, 2019 RWB Newsletter (Exhibit B-2), for example, Defendant intentionally removed or altered Dow Jones CMI from a Dow Jones Copyrighted Work. The below screenshot of the newsletter shows the absence of the following Dow Jones CMI originally present on the Dow Jones Copyrighted Work on Barrons.com:

- The name of the publication, "BARRON'S" (at the top).
- The byline, "By Lauren R. Rubin" (below the headline).

**January 15, 2019 RWB Newsletter**          **Barrons.com**




11

49. In the March 5, 2019 RWB Newsletter (Exhibit B-3), for example, Defendant intentionally removed or altered the following Dow Jones CMI from a Dow Jones Copyrighted Work:

- The name of the publication, "THE WALL STREET JOURNAL" (at the top).
- The byline, "By: William J. Bernstein" (below the graphic).



**March 5, 2019 RWB Newsletter**          **WSJ.com**



50. In the February 6, 2020 RWB Newsletter (Exhibit B-4), for example, Defendant intentionally removed or altered the following Dow Jones CMI from a Dow Jones Copyrighted Work:

- The name of the publication, "THE WALL STREET JOURNAL" (at the top).
- The byline, "By James T. Areddy" (below the photo).

| **February 6, 2020 RWB Newsletter** | **WSJ.com** |
|---|---|



### D. Dow Jones discovered Defendant's infringing conduct and Defendant admitted copying and distributing Dow Jones Copyrighted Works.

51. On May 25, 2020, Dow Jones received notification of Defendant's pervasive system of copyright infringement.

52. Before May 25, 2020, Dow Jones could not have discovered Defendant's infringement because Defendant reproduced Dow Jones Copyrighted Works secretly and distributed illegal copies of RWB Newsletters through a private list.

53. In an email to Dow Jones on July 29, 2020, Defendant admitted republishing Dow Jones Copyrighted Works in RWB Newsletters "for a very long time."

54. On October 1, 2020, Dow Jones sent a cease-and-desist letter to Defendant, objecting to his unauthorized reproduction and distribution of Dow Jones Copyrighted Works and requesting damages to repair the damages suffered.

55. To date, Defendant has not compensated Dow Jones, financially or otherwise, for his willful and repeated infringement of Dow Jones Copyrighted Works.

## VI.
## CAUSES OF ACTION

**A.**     **Count One: Copyright Infringement (17 U.S.C. §§ 501, *et seq.*)**

56.     Dow Jones realleges paragraphs 1 through 55 above.

57.     Dow Jones is the owner of Dow Jones Copyrighted Works.

58.     Dow Jones Copyrighted Works are literary and visual works consisting of copyrightable subject matter under 17 U.S.C. § 102(a) and are protected under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

59.     Dow Jones has obtained Certificates of Registration for at least 5,371 Dow Jones Copyrighted Works with the U.S. Register of Copyrights and has at all times complied with the Copyright Act and all other laws of the United States regarding Dow Jones Copyrighted Works. *See* Exhibits A and C.

60.     Defendant has infringed Dow Jones's exclusive rights in Dow Jones Copyrighted Works under 17 U.S.C. § 106 by unlawfully reproducing, preparing derivative works of, and distributing Dow Jones Copyrighted Works without authority or permission from Dow Jones for nearly ten years. *See* Exhibits B and C.

61.     This action is limited to Defendant's reproduction and distribution of Dow Jones Copyrighted Works to hundreds of business professionals, TRS and UTIMCO employees, and former students.[3]

62.     Defendant's infringement was willful because he knew under the Dow Jones Terms of Use that he was prohibited from systematically downloading and redistributing Dow Jones

---

[3] As previously indicated, while Dow Jones believes that Defendant's unlicensed reproduction and distribution of Dow Jones Copyrighted Works to students enrolled in his university classes was not authorized as a fair use under 17 U.S.C. § 107, Dow Jones does not seek to include those activities within the ambit of its claims in this action.

14

content to hundreds of other readers and that distributing articles to more than "a few individuals" and "on a regular basis" required an additional license from Dow Jones. *See* Exhibit E §§ 8.2, 8.2.2, 8.2.3.

63. Defendant violated Dow Jones's clearly established rights under the Copyright Act, of which a reasonable person would have been aware.

64. It is clearly established law that the Copyright Act protects against the reproduction and distribution of another party's copyrighted work without permission or a license.

65. Defendant's conduct is a patently obvious violation of copyright law.

66. Defendant did not add any new expression, meaning, or message to Dow Jones Copyrighted Works. Instead, he stripped identifying information that would have alerted the reader to who truly owned the Copyrighted Works.

67. On information and belief, Defendant profited or benefited from his infringing conduct. On information and belief, Defendant received recognition, credit, referrals, customers, and goodwill for sending curated newsletters containing free Dow Jones Copyrighted Works to hundreds of business colleagues and associates over nearly ten years.

68. Defendant copied creative elements of Dow Jones Copyrighted Works, such as photos, images, captions, charts, graphics, and text.

69. Defendant took the entirety of Dow Jones Copyrighted Works, not merely what was necessary.

70. Defendant harmed the potential market for and value of Dow Jones Copyrighted Work by directly competing with Dow Jones as a news distributor in the business community and diverting profits from Dow Jones. Dow Jones lost the licensing costs required to legally send thousands of articles to more than 800 recipients through a custom newsletter. Dow Jones lost

potential subscribers who had no incentive to pay for Dow Jones Copyrighted Works when Defendant consistently provided them for free.

71. On information and belief, Defendant's verbatim copying and exploitation of the Dow Jones Copyrighted Works, which included original text, images, charts, timelines, and other copyrighted materials, was willful, in disregard of, and with indifference to the rights of Dow Jones.

72. As a direct result of Defendant's infringing conduct, Dow Jones has sustained and will continue to sustain substantial injury, loss, and damages.

73. Dow Jones is entitled to recover actual damages, including lost licensing fees, all gains, profits, and advantages received or otherwise achieved, directly or indirectly, by Defendant in connection with his illegal reproduction and distribution of Dow Jones Copyrighted Works and the creation of derivative works under 17 U.S.C. § 504(b).

74. Dow Jones is entitled to recover statutory damages under 17 U.S.C. § 504(c) for Defendant's willful infringement of each Dow Jones Copyrighted Work.

75. Dow Jones is entitled to recover reasonable attorney's fees and costs under 17 U.S.C. § 505.

**B.** **Count Two: Removal or Alteration of Copyright Management Information (17 U.S.C. § 1202)**

76. Dow Jones realleges paragraphs 1 through 75 above.

77. Dow Jones owns Dow Jones CMI.

78. Dow Jones CMI appears in close proximity to Dow Jones Copyrighted Works.

79. Dow Jones has never granted Defendant express or implied permission to intentionally remove or alter Dow Jones CMI.

80. Defendant intentionally removed or altered Dow Jones CMI from Dow Jones Copyrighted Works while knowing or having a reasonable basis to know that its conduct would induce, enable, facilitate, or conceal copyright infringement in violation of 17 U.S.C. § 1202(b)(1).

81. Defendant distributed or imported Dow Jones CMI while knowing that Dow Jones CMI had been removed or altered without the authority of Dow Jones and knowing or having a reasonable basis to know that its conduct would induce, enable, facilitate, or conceal copyright infringement in violation of 17 U.S.C. § 1202(b)(2).

82. Defendant distributed, imported for distribution, or publicly performed the Dow Jones Copyright Works while knowing that Dow Jones CMI had been removed or altered without the authority of Dow Jones and knowing or having a reasonable basis to know that its conduct would induce, enable, facilitate, or conceal copyright infringement in violation of 17 U.S.C. § 1202(b)(3).

83. Defendant's conduct violated Dow Jones's clearly established rights under the DMCA, of which a reasonable person would have been aware.

84. It is clearly established law that the DMCA protects against the removal or alteration of CMI.

85. Defendant intentionally ignored the DMCA when he removed or altered CMI on thousands of Dow Jones Copyrighted Works over nearly ten years despite having knowledge, through copyright notices, that the works were owned and licensed by Dow Jones.

86. Defendant's conduct is a patently obvious violation of the DMCA.

87. Defendant's removal or alteration of Dow Jones CMI from Dow Jones Copyrighted Works and distribution of those works has been willful and intentional, conducted with full

knowledge of Dow Jones's exclusive rights in the Copyrighted Works, and in conscious disregard of those rights.

88. As a direct result of Defendant's removal or alteration of Dow Jones CMI, Dow Jones has sustained and will continue to sustain substantial injury, loss, and damages.

89. Dow Jones is entitled to recover actual damages and all gains, profits, and advantages received or otherwise achieved, directly or indirectly, by Defendant in connection with his violation of the DMCA under 17 U.S.C. § 1203(c)(2).

90. Dow Jones is entitled to recover statutory damages under 17 U.S.C. § 1203(c)(3) in the amount between $2,500 and $25,000 for each alteration or removal of Dow Jones CMI.

91. Dow Jones is entitled to recover attorney's fees and costs under 17 U.S.C. § 1203(b)(4), (5).

## C. Count Three: Breach of Contract

92. Dow Jones realleges paragraphs 1 through 91 above.

93. When Defendant agreed to the Dow Jones Terms of Use, he entered into a valid, enforceable, and binding contract with Dow Jones.

94. Dow Jones performed its obligations under the contract and has satisfied all conditions precedent.

95. Defendant materially and substantially breached the contract by using, publishing, distributing, retransmitting, and providing access to the Dow Jones Copyright Works to business professionals, colleagues, former students, and selected others. *See* Exhibit E § 8.2.

96. Defendant materially and substantially breached the contract by distributing Dow Jones Copyrighted Works to more than "a few individuals" and "on a regular basis" without paying the licensing fees required by the Dow Jones Reprints & Licensing Policies. *See* Exhibit E § 8.2.1.

97. Defendant materially and substantially breached the contract by regularly providing others access to Dow Jones Copyrighted Works. *See* Exhibit E § 8.2.2.

98. Defendant materially and substantially breached the contract by using, downloading, and storing Dow Jones Copyright Works for non-personal use. *See* Exhibit E § 8.2.3.

99. As a direct and proximate result of Defendant's breach of its contractual obligations, Dow Jones has incurred actual, consequential, and special damages.

100. Dow Jones is entitled to recover attorney's fees and costs under Texas Civil Practice and Remedies Code Chapter 38.

## VII.
## PRAYER FOR RELIEF

Dow Jones requests the following judgment against Defendant:

a. Defendant be held liable for the infringement of Dow Jones's copyrighted work, the removal or alteration of copyright management information, and breach of contract.

b. Defendant be ordered to account for and pay to Dow Jones all profits derived because of his acts alleged in this Complaint and to disgorge such profits to Dow Jones;

c. Defendant be ordered to pay Dow Jones all actual damages Dow Jones has sustained as a result of Defendant's actions including, without limitation, damages to Dow Jones's business, reputation, and goodwill and the loss of sales, profits, including licensing fees, that Dow Jones would have made but for Defendant's acts under 17 U.S.C. § 504(b) and § 1203(c)(2);

d. If Dow Jones elects, Defendant be ordered to pay statutory damages under 17 U.S.C. § 504(c) and § 1203(c)(3);

e. Defendant be ordered to pay Dow Jones's reasonable attorney's fees and costs of this action under 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(4), (5), and Texas Civil Practice and Remedies Code Chapter 38;

f. Defendant be ordered to pay pre-judgment and post-judgment interest on any damages awarded; and

g. The Court award Dow Jones all other relief it considers justified.

Respectfully submitted,

 */s/ Laura Lee Prather*
Laura Lee Prather
laura.prather@haynesboone.com
Texas Bar No. 16234200
Michael J. Lambert
michael.lambert@haynesboone.com
Texas Bar No. 24128020
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES AND BOONE, LLP**
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

*Attorneys for Dow Jones & Company, Inc.*