## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DIVISION

| | | |
|---|---|---|
| **DOW JONES & COMPANY, INC.,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **No.  1:22-CV-00564-LY** |
| | § | |
| | § | |
| **THOMAS BRITTON HARRIS,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Thomas Britton Harris's Motion to Dismiss, Dkt. 10; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.     BACKGROUND

Plaintiff Dow Jones & Company, Inc. has sued Harris for copyright infringement, removal or alteration of copyright management information, and breach of contract related to Harris's distribution of articles from *The Wall Street Journal* ("*WSJ*") and *Barron's*, news outlets published by Dow Jones. Dkt. 1, at 14-19, 1. Dow Jones alleges that over the course of approximately ten years, Harris reproduced 6,186 *WSJ* and *Barron's* copyrighted articles without permission in a daily curated newsletter he distributed to at least 822 recipients, including former

1

students and business professionals. *Id.* at 3. Dow Jones further alleges that in sharing the articles, Harris "intentionally removed or altered copyright management information" including copyright and licensing notices, reproduction warnings, article headings, bylines, captions, and other identifying information. *Id.* Dow Jones states that Harris did not add any new expression to the copyrighted works, and instead, took the "entirety of [the] articles, and harmed the potential market for and value of the articles." *Id.* Further, Dow Jones alleges that Harris "profited or benefited from his infringing conduct" in the form of "recognition, credit, referrals, customers, and goodwill." *Id.* at 15. Dow Jones's infringement claim arises under the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. and §§ 501, *et seq.*, while the removal and alteration claim arises under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201, *et seq. Id.* at 1.

Dow Jones alleges that Harris accessed the articles as an online subscriber to the *WSJ* and *Barron's. Id.* at 6. As an online subscriber Harris agreed to Dow Jones's terms of use which required him to agree that he does not have the right to "use, sell, publish, distribute, retransmit or otherwise provide access to" Dow Jones copyrighted works. *Id.* at 6-7. Dow Jones also states that the terms of use limited Harris's rights to "download and store Dow Jones Copyrighted Works for 'personal use;'" and did not extend to providing others access to Dow Jones copyrighted works. *Id.* at 6. Dow Jones argues that when Harris agreed to the terms of use, he entered into a valid, enforceable, and binding contract and "materially and substantially breached [that] contract by distributing Dow Jones Copyrighted Works to more 'than a few

individuals' … 'on a regular basis' without paying the licensing fees required …." *Id.* at 18. Based on its claims, Dow Jones seeks actual damages, Harris's profits, statutory damages, and attorney's fees. *Id.* at 3.

Harris moves to dismiss Dow Jones's infringement claims for articles it fails to allege are registered with the Copyright Office as well as Dow Jones's claims for statutory damages based on individual articles rather than the magazine or newspaper issues in which they appear. Dkt. 10, at 5-7.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

Harris contends that the newsletters in which he reproduced *WSJ* and *Barron's* articles were sent for "nonprofit, educational purposes" as part of his teaching mission as a professor at Texas A &M University. Dkt. 10, at 1. He argues that the facts will show that his newsletter distribution qualifies as fair use under

§ 107 of the Copyright Act, or alternatively, that he is entitled to qualified immunity as a public university professor. *Id.* at 2.

At this stage, however, Harris moves to dismiss a portion of Dow Jones's infringement claims on the basis that copyright registration is a prerequisite for filing suit and that Dow Jones has not alleged registration for hundreds of the articles at issue. *Id.* at 2. Harris also claims that Dow Jones has exaggerated its statutory damages claim by pleading infringement on a per-article basis despite its registration certificates showing that it registered entire magazine and newspaper issues as compilations, and not individual articles. *Id.* Harris moves to dismiss Dow Jones claims for statutory damages on that basis. *Id.*

Dow Jones responds that, while it's true that "Dow Jones would be unable to pursue *copyright infringement* claim[s] for unregistered works," it can still pursue its DMCA alteration or removal of copyright management claims, since claims under the DMCA are not subject to a registration requirement. Dkt. 13, at 9. As to Harris's argument concerning exaggerated statutory damages, Dow Jones states that Harris's motion is premature, or in the alternative, that Texas federal courts award statutory damages for each work with independent value. *Id.* at 10.

A.    **Registration for Infringement Claims**

Harris argues that Dow Jones makes a blanket claim that it registered its copyrighted works with the U.S. Copyright Office before or within three months of Harris's infringements, yet the registrations appended to the complaint cover "only some, but not nearly all, of the allegedly infringed articles." Dkt. 10, at 5. Harris

5

states that there are 690 articles (out of 6,186 articles) in total, that are unregistered and for which Dow Jones has failed to allege the facts necessary to state its infringement claim. *Id.* at 6. Harris asks the Court to dismiss Dow Jones's claims based on those 690 articles since registration is an essential element of its infringement claims. *Id.*

Dow Jones concedes Harris's "uncontroversial statement of the law [that it] is not pursuing copyright infringement claims" for the 690 unregistered works. Dkt. 13, at 8. Indeed, the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted … until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Therefore, the undersigned recommends that the District Court grant Harris's motion to dismiss claims based on infringement of the 690 works for which no registration is attached to the complaint and for which Dow Jones concedes it is not pursuing copyright infringement claims. The unregistered works are identified in Harris's proposed order at Dkt. 17-1.

In its response to Harris's motion to dismiss, Dow Jones argues that the registration status of the 6,186 articles at issue in this case does not affect its DMCA claims for alteration or removal of copyright data because the DMCA does not require registration. Dkt. 13, at 8 (citing *Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. 4:18-CV-902-A, 2019 WL 5842756, at *2 (N.D. Tex. Nov. 7, 2019); *Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, No. CV H-19-2953, 2020 WL 5739138, at *11 (S.D. Tex. Sept. 24, 2020) ("[N]o prior registration is required under the DMCA.")). Thus,

Dow Jones argues, its claims that Harris removed or altered copyright management information as to all 6,186 works should not be dismissed.

Harris has not moved to dismiss Dow Jones removal or alteration claims under the DMCA. His reply states only: "[w]hether Dow Jones has a DMCA claim based on those articles is irrelevant" to whether infringement claims under the Copyright Act are barred. Dkt. 17, at 2. Since Harris has not moved to dismiss Dow Jones's claims under the DMCA, the issue of whether or not Dow Jones may move forward with those claims has not been briefed and is not before the Court. The undersigned makes no finding as to Dow Jones's DMCA claims for alteration or removal of copyright data.

### B.    Statutory Damages Claim

Harris also moves to dismiss Dow Jones's claims for statutory damages, arguing that they are impermissibly based on the number of individual articles Harris is alleged to have infringed. Dkt. 10, at 7. Harris states that Dow Jones's statutory damages claim should be based on the number of issues or compilations Harris is alleged to have infringed. *Id.* He argues that the Copyright Act allows one award of statutory damages per infringed "work" and provides that a compilation constitutes one "work" for the purposes of damages. *Id.* (citing 17 U.S.C. § 504(c)(1)).[1]

---

[1] In full, the section of the Copyright Act governing statutory damage claims states: "Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1).

The Copyright Act defines a compilation as a "work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." *Id.* at § 101. In this instance, Harris argues that a single issue of the magazine or newspaper is a compilation, and that Dow Jones cannot claim statutory damages for each article reproduced from a single issue. Dkt. 10, at 8.

Harris states that Dow Jones's group registration certificates of automated databases and online editions or issues expressly identify the works as "compilation[s] of articles," not individual articles. *Id.* (citing Dkt. 1-2, at 1, 15). Yet, Dow Jones bases its statutory damages claim on individual infringed articles, rather than infringed compilations. *Id.* Harris states that this method multiplies the damages count by at least a factor of four. *Id.* Harris asks the Court to dismiss Dow Jones's statutory damages claims insofar as they are based on individual articles, rather than compilations, "to narrow the scope of the case and focus on the matters truly in dispute." *Id.* at 9.

Dow Jones responds that "whether a 'work' is entitled to statutory damages is a 'mixed question of law and fact' not ripe for adjudication on a motion to dismiss," and, alternatively, courts "award statutory damages to each work 'with an independent economic value,'" so it is entitled to claim damages for each article Harris reproduced. Dkt. 13, at 10 (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 141 (2d Cir. 2010)); *see Berg v. Symons*, 393 F. Supp. 2d 525, 548 (S.D. Tex. 2005).

8

To establish the "independent economic value" test as the basis for a statutory damages, Dow Jones points to Judge Rosenthal's finding in *Berg v. Symons* "that a designer who created and sold a 'wide variety of products, from buckles to jewelry to money clips' individually was entitled to statutory damages for all 39 products, even though they were covered by one group registration, because each design was 'an independent and distinct work' with its own 'separate economic value.'" Dkt. 13, at 12 (citing 393 F. Supp. 2d at 547). Dow Jones argues that each article Harris reproduced is published as a standalone work with "distinct headlines, photos, captions, and text" and Dow Jones "markets and sells licensing rights to each Dow Jones Copyrighted work individually." *Id.* at 13. Thus, the argument goes, each article has independent economic value and is entitled to statutory damages. *Id.*

But the registrations in *Berg* are distinguishable from the registrations in this case. In *Berg*, the plaintiff registered six copyrights, each covering "a number of specific pieces of jewelry, belt buckles, and similar items." 393 F. Supp. 2d at 532. The works at issue were registered in groups pursuant to Section 408(c) of the Copyright Act which allows the Register of Copyrights to authorize "a single registration for a group of related works." 17 U.S.C. § 408(c). The court found that the copyrights "covered a large number of related but separate works" and that "each infringed design is an independent and distinct 'work'" under section 504(c)(1) and has its own "separate economic value." 393 F. Supp. 2d at 547-48. In this case, the works that were registered in groups were issues of magazines and newspapers, not distinct, discrete items.

9

Dow Jones further supports its argument that it is "too early in this litigation to resolve the extent which Dow Jones is entitled to statutory damages … because [statutory damages] involve[s] factual questions" by citing several cases where the question of statutory damages was not decided until after the motion to dismiss stage. *Id.* at 10. But the question posed by Harris's motion to dismiss is not whether Dow Jones is entitled to statutory damages at all, nor the value of statutory damages to which Dow Jones is entitled, nor even whether each article has independent economic value warranting an award of statutory damages. Those *are* mixed questions of law and fact that are best preserved for a later stage of litigation. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 359 (5th Cir. 2002) (it is "well-established" that mixed questions of law and fact are not decided on a motion to dismiss).

Harris's motion poses a purely legal question: whether Dow Jones can claim statutory damages per article based on the type of registrations it holds with the Copyright Office? The answer to this question lies in the text of the statute governing the statutory damages sought by Dow Jones, 17 U.S.C. § 504, and the registrations themselves, and is confirmed by guidance from the Copyright Office.

### 1.     Group registrations

The registration certificates attached to Dow Jones's complaint represent 91 group registrations of sets of magazine and newspaper issues, 21 group reservations for database updates, and 36 registrations for single magazine or newspaper issues. Dkt. 1-2. "As a general rule, a copyright registration covers an individual work," requiring a separate application and filing fee for each work. Copyright Office,

Circular 34, at 1.[2] However, the Copyright Office has established an administrative procedure that permits group registrations of "multiple unpublished works, serials, newspapers, newsletters, contributions to periodicals, photographs, database updates, or secure test items," with one application and fee. *Id.* at 1, 3.  The copyright protections for each item within the group depends on the type of items registered. For example:

> A registration for a group of unpublished works, a group of unpublished photographs, a group of published photographs, a group of contributions to periodicals, or a group of secure test items covers the copyrightable authorship in each work that has been included in the group, and each work is considered to be registered as a separate work. *Similarly, a registration for a group of serials, newspapers, or newsletters covers each issue in the group, and each issue is considered to be registered as a separate work.*

*Id.* at 4 (emphasis added).

Noting that whether a work is considered a compilation or a single work is critical for the purposes of statutory damages recovery under section 504(c)(1) of the Copyright Act, the Copyright Office states:

> A group registration does not create a compilation or collective work for the purposes of section 504, as the group is merely an administrative classification created solely for the purpose of registering multiple works or multiple issues with one application and one filing fee.... [B]ecause a group registration as a whole is not a compilation or a collective work, the Office takes the position that a copyright owner may be entitled to

---

[2] The Copyright Office's "policy statements, agency manuals, and enforcement guidelines" do not carry "the force of law," but they are entitled to some deference given the "specialized experience and broader investigations and information" of the agency. *See Clackamas Gastroenterology Assocs., P.C. v. Wells,* 538 U.S. 440, 449 n.9 (2003) (quoting *Christensen v. Harris Cnty.,* 529 U.S. 576, 587 (2000)); *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944) (finding an agency administrator's rulings to "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance").

claim a separate award of statutory damages for each work *or each issue (in the case of newspapers, newsletters, or serials) covered by a group registration.*

*Id.* (emphasis added).

Therefore, the individual work or issue in a group registration is entitled to the same statutory damage award as though it was registered individually. Registering issues of a magazine or newspaper in a group neither makes the group itself a compilation, nor changes the status of each issue as a separate work.

a.      Group registrations of issues

The registration certificates provided by Dow Jones show that it registered groups of magazine and newspaper issues and groups of database updates. Dkt. 1-2. As a prerequisite to filing an application for a group registration of issues, the certificates state "each issue must be an all-new collective work." *Id.* at 130. Additionally, the Copyright Office provides that multiple newspaper issues may be registered together as long as "each issue [is] an all-new collective work …" and "each issue [is] fixed and distributed as a discrete, self-contained collective work …." Copyright Office, Circular, 62A, at 2. Further, the claim in each issue is "limited to the collective work." *Id.*

The issues then, are each considered collective works and Dow Jones's claims are limited to the collective work. A collective work is, by definition, a compilation. *See* 17 U.S.C. § 101 Definitions ("A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or

12

arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works.").

It is undisputed that a compilation is considered a single work for the purposes of statutory damages claims. 17 U.S.C. § 504(c)(1) (stating a copyright owner may be entitled to recover "an award of statutory damages for all infringements involved in the [infringement] action, with respect to any one work," and "[f]or the purposes of this subsection, all the parts of a compilation … constitute one work."); *see also* Copyright Office, Circular 34, at 3 ("A collective work is considered a single work for purposes of calculating statutory damages; therefore, registering a collective work together with the individual works contained in it may have important consequences in an infringement action…. The statute also states that a collective work is, by definition, a compilation."). Pursuant to the plain text of the Copyright Act, each issue or compilation is considered one work for the purposes of awards of statutory damages.

The undersigned finds that, for each of the infringed articles contained in the issues covered by Dow Jones's 91 certificates for group registrations of sets of magazine and newspaper issues, Dow Jones can make one claim for statutory damages per issue containing an infringed article.

> b.      Group registrations of database updates

In addition to group registrations for sets of issues, Dow Jones also appended 21 certificates for group registrations of database updates. *See e.g.,* Dkt. 1-2, at 3. These certificates cover updates and "daily revisions" made to the *Barron's* website,

for example, between April 1, 2010, and June 30, 2010. *Id.* As to statutory damages for updates or revisions to a database, the Copyright Office provides: "[a] database is, by definition, a compilation of digital information. A group registration can cover new updates or revisions to one database during a specified time period. When the database and its updates are registered as a group, the copyright owner is entitled only to one award of statutory damages." Copyright Office, Circular 34, at 1. Accordingly, pursuant to 17 U.S.C. § 504(c)(1), Dow Jones can claim only one award of statutory damages per registration for the infringed articles covered by Dow Jones group registrations of database updates.

### 2. Single issue registrations

In addition to the group registrations of issues and database updates attached to its complaint, Dow Jones also includes 36 certificates for registrations of single issues. *See e.g.,* Dkt. 1-2, at 32 ("Title of Work: Barron's (Online Edition): December 31, 2012."). These certificates describe the issues as a "compilation of articles." *Id.* As stated above, under 17 U.S.C. § 504(c)(1) governing statutory damages claims, "all the parts of a compilation … constitute one work." Therefore, as to the articles covered by the 36 single issue registrations, Dow Jones is entitled to claim one award of statutory damages per issue infringed.

*     *     *

The undersigned finds that each of the registration certificates provided in Dow Jones's complaint entitles Dow Jones to claim statutory damages per issue containing an infringed article, rather than on a per-article basis. As for articles

covered by Dow Jones group registrations of database updates, Dow Jones is entitled to claim one award of statutory damages per registration. The undersigned recommends that the District Court grant Harris's motion to dismiss as to his argument that Dow Jones claim for statutory damages be limited to a per-issue basis.

## IV.      RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Harris's Motion to Dismiss. Dkt. 10.

In particular, the undersigned **RECOMMENDS** that the District Court **GRANT** Harris's motion as to Dow Jones's claim of Copyright Infringement (*see* Dkt. 1, at 14-16, Count 1) as to the 690 unregistered articles for which Dow Jones concedes it will not pursue infringement claims. The undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Dow Jones's copyright infringement claims as to these 690 unregistered articles.

The undersigned also **RECOMMENDS** that the District Court **GRANT** Harris's motion and limit Dow Jones's statutory damages claims to a per-issue basis and **DISMISS** Dow Jones's per-article statutory damages claims **WITH PREJUDICE**.

## V.      WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The district court need not consider frivolous,

15

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 24, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE